IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DR. VIVIENNE SHIPMAN-DAVIS     *
(NEAL),                                 *
                                  *
    Plaintiff,                   *
                                  *
       v.                             *      CV 415-109
                                  *
SAVANNAH-CHATHAM COUNTY PUBLIC *
SCHOOL SYSTEM; SAVANNAH-CHATHAM *
SCHOOL BOARD; THOMAS B. LOCKAMY,*
JR.; ARETHA RHONE-BUSH; RAMON   *
RAY; and ROB GORDON,            *
                                  *
    Defendants.                 *

# O R D E R

Presently before the Court is Defendants'[1] motion for summary judgment on Plaintiff's federal law claims (doc. 21), Defendants' motion to dismiss without prejudice Plaintiff's state claims (id.), and Defendants' motion for summary judgment on Plaintiff's state law claims (Doc. 23). Plaintiff has failed to respond to Defendants' summary judgment motions and/or their

---

[1] As identified by Defendant Savannah-Chatham County Public School District ("District") in its Answer to Plaintiff's Amended Complaint, Plaintiff has misnamed Defendant District as the "Savannah Chatham County Public School System" and/or the "Savannah-Chatham County School Board." (Ans., Doc. 17, at 1-2.) Neither of said misnamed entities are body corporate nor otherwise have the capacity to sue or be sued. See Foskey v. Vidalia City Sch., 574 S.E.2d 367, 370 (Ga. Ct. App. 2002) (municipal board of education, unlike school district it manages, not body corporate and lacks capacity to sue or be sued). This misnomer, however, does not affect Defendant District's substantial rights given that Defendant District explicitly acknowledges service and knowledge that it was the intended defendant (Ans. at 1-2), nor has it raised this issue in its motions for summary judgment or motion to dismiss (Docs. 21 and 23).

motion to dismiss.[2] Defendants' motions, therefore, are deemed unopposed. LR 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). All material facts set forth in Defendants' statements of the material facts ("DSMF1" and "DSMF2", respectively) are deemed admitted for the purpose of this motion because Plaintiff has not controverted them by filing her own statement of facts or any other materials in opposition. LR 56.1, SDGa. ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

Upon due consideration, the Court hereby **GRANTS** Defendants': (1) Motion for Summary Judgment on All of Plaintiff's Federal Claims; and (2) Motion to Dismiss [Without Prejudice] Plaintiff's Remaining State Law Claims.

## I. BACKGROUND

The present dispute arises out of the non-renewal of Plaintiff's employment contract with the District in May 2013. Shortly before receiving notice of her contract's non-renewal,

---

[2] The Clerk gave Plaintiff appropriate notice of the Defendants' motions for summary judgment on October 26 and November 6, 2015, respectively, and at those times informed her of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 22; Doc. 24.) Thus, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), were satisfied. Plaintiff's responses to Defendants' motions for summary judgment were due on November 16 and 30, 2015, respectively. (Id.)

2

Plaintiff was disciplined by her immediate supervisor for alleged deficiencies in Plaintiff's performance of her duties and responsibilities. Plaintiff maintains that her performance was not properly evaluated during the year immediately preceding her contract's non-renewal, that the discipline she received and the subsequent non-renewal of her employment contract were based on misrepresentations, and that she received deficient notice of said non-renewal and was improperly denied a hearing before the local board of education to dispute said non-renewal. Shortly before the two-year anniversary of her non-renewal, Plaintiff instituted the instant suit on April 28, 2015, alleging, *inter alia*, claims under 42 U.S.C. § 1983 for violations of her rights under the Fourteenth Amendment.

Plaintiff was employed by the District for over nine (9) years, from July 2006 until her contract of employment was not renewed in May 2013.[3] (DSMF1, Doc. 21-5, ¶ 1; Am. Compl., Doc. 8, ¶ 15.) At the time of non-renewal, Plaintiff was employed by the District as a "Title I Program Manager."[4] (DSMF1 ¶ 2; Am. Compl. ¶ 14.) In March 2013, Plaintiff's immediate supervisor, Defendant Aretha Rhone-Bush, became concerned that Plaintiff had failed to properly perform and document her employment duties

---

[3] Accordingly, Plaintiff's employment with the Defendant District would terminate as of June 30, 2013. (Lockamy Aff., Doc. 21-1, at 8).
[4] Plaintiff admits that she, in her role as a Title I Program Manager, should be considered a "teacher" as that term is defined in O.C.G.A. § 20-2-942(a)(4) (as opposed to a "school administrator"). (Am. Compl. ¶ 14.)

and time reporting. (DSMF2, Doc. 23-2, ¶¶ 5-6.) On March 20, 2013, Defendant Rhone-Bush disciplined Plaintiff for faults in Plaintiff's performance and documentation and gave Plaintiff a "Notice of Serious Concern" directing remedial measures to which she was to adhere. (DSMF2 ¶¶ 7-8; Rhone-Bush Aff., Doc. 23-1, Ex. 3; Am. Compl. ¶¶ 50-51.) Shortly after receiving the Notice of Serious Concern, Plaintiff took several days of leave from work due to the death of her grandmother. (DSMF2 ¶ 14; Am. Compl. ¶ 54.) On April 1, 2013, prior to her return from bereavement leave, Plaintiff sent a letter via email to Defendant Thomas B. Lockamy, Jr., Defendant Ramon Ray, Mrs. Kelly Crosby (Defendant District's Senior Director of Internal Audit), and Mrs. Sharon Sands disputing the Notice of Serious Concern and accusing Defendant Rhone-Bush of harassment and retaliation.[5][6] (DSMF2 ¶ 16; Am. Compl. ¶ 55 & Ex. 3.)

On April 8, 2013, Plaintiff returned to work from bereavement leave. (DSMF2 ¶ 15; Am. Compl. ¶ 56.) Shortly thereafter, however, Plaintiff went on leave claiming that she was suffering from severe emotional distress resulting from

---

[5] Upon receipt of Plaintiff's letter, Defendant Lockamy requested that Mrs. Crosby investigate Plaintiff's claims of harassment and retaliation. (DSMF2 ¶ 17.) After a thorough investigation of Plaintiff's claims, Mrs. Crosby was unable to find any evidence in support of Plaintiff's claims. (DSMF2 ¶ 19.) Defendant Lockamy informed Plaintiff of the result of Mrs. Crosby's investigation by letter dated May 7, 2013. (DSMF2 ¶ 17; Am. Compl., Ex. 8.)
[6] Plaintiff also sent an email and a letter dated August 10 and 11, 2016, respectively, to Defendant Ray, Mrs. Crosby, and Mrs. Sands further disputing the Notice of Serious Concern accusing Defendant Rhone-Bush of harassment and retaliation. (Am. Compl. ¶¶ 58-59; Am. Compl., Exs. 4 & 5.)

4

Defendant Rhone-Bush's Notice of Serious Concern. (DSMF2 ¶ 15.) While Plaintiff was on leave, Defendant Rhone-Bush and other members of her department found further deficiencies in Plaintiff's job performance. (Id. ¶ 21.) Because of these further deficiencies and the reasons set forth in the Notice of Serious Concern, Defendant Rhone-Bush recommended to the Defendant District's Human Resources department that Plaintiff's employment contract not be renewed. (Id. ¶ 22.)

In April 2013, based on the recommendations of his staff, Defendant Lockamy recommended to the Savannah-Chatham County Board of Education that notice be sent to Plaintiff that her contract of employment would not be renewed for the upcoming 2013-2014 school year. (DSMF1 ¶ 4; DSMF2 ¶ 25). Accordingly, on April 30, 2013,[7] a "Notice of Non-Renewal" letter was sent by the Defendant District via certified mail to Plaintiff at her last known address, 25 Springwater Drive, Pt. Wentworth, GA 31407.[8] (DSMF1 ¶¶ 5-7; Lockamy Aff. at 6-19.) The Notice of Non-Renewal informed Plaintiff that she had twenty days from the date that the Notice of Non-Renewal was mailed to her to inform

---

[7] While the Notice of Non-Renewal itself is dated April 29, 2013 (Lockamy Aff. at 8), certified mail postage was not affixed to the envelope in which the letter was sent until April 30, 2013 (Id. at 6). Accordingly, the Notice of Non-Renewal was not actually sent to Plaintiff until April 30, 2013. See O.C.G.A. § 20-2-940(c).

[8] Plaintiff failed to sign for and/or collect the Notice of Non-Renewal, and it was returned to the Defendant District after several failed delivery attempts. (DSMF1 ¶ 11; Lockamy Aff. at 6.) On May 1, 2013, however, Plaintiff received actual notice from a friend that Plaintiff's employment contract was not renewed. (DSMF1 ¶ 12; Am. Compl. ¶ 16.)

5

the Defendant District's school superintendent, Defendant Lockamy, by certified mail or statutory overnight delivery of her intent to assert her right to notice of the reasons for her non-renewal and of her right to a hearing on the same. (DSMF1 ¶ 6; Lockamy Aff. at 6-8.) Enclosed with the Notice of Non-Renewal was a Georgia Department of Labor Separation Notice,[9] as well as copies of Sections 20-2-211, 20-2-940, and 20-2-942 through 20-2-947 of the Official Code of Georgia Annotated. (Lockamy Aff. at 9-19.)

On May 6, 2013, Plaintiff sent an email to Defendant Lockamy in which she contested her non-renewal and further stated that "my attorney will be sending the certified letter requesting a formal hearing with the board members." (DSMF1 ¶ 13; Am. Compl. ¶¶ 26-27 & Ex. 7.) On May 7, 2013, Defendant Lockamy sent a letter to Plaintiff in response to her email dated May 6, 2013, in which he confirmed that Defendant had been provided appropriate notice of her non-renewal for failure to perform the duties of her job.[10] (DSMF1 ¶¶ 14-15; Am. Compl. ¶¶ 28-30 & Ex. 8.) On May 22, 2013, Mr. Shaun C. Southworth, as then-attorney for Plaintiff, sent a letter by certified mail to

---

[9] On Plaintiff's separation notice, the section entitled "Period of Last Employment" states "From 8/11/98 To 6/30/2013", signifying the fact that Plaintiff's Notice of Non-Renewal would not result in immediate termination. (Lockamy Aff. at 9.)

[10] Defendant Lockamy's letter to Plaintiff dated May 7, 2013, which Plaintiff does not dispute receiving, was also mailed to Plaintiff's aforementioned last known address. (DSMF1 ¶¶ 14-15; Am. Compl. ¶¶ 28-30 & Ex. 8.)

6

Defendant Lockamy in which Mr. Southworth contested the validity of Plaintiff's non-renewal and requested "written notice and a full hearing according to the requirements of the Fair Dismissal Act." (DSMF1 ¶ 17; Am. Compl. ¶¶ 31-32 & Ex. 9.) On May 29, 2013, counsel for Defendants sent a letter to Mr. Southworth stating that Plaintiff's May 22, 2013 request for a hearing was untimely and therefore was denied. (DSMF1 ¶ 18; Am. Compl. ¶¶ 33-34 & Ex. 13.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259, 1260 (11th Cir. 2004); FED. R. CIV. P. 56(c). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record before the court] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment by demonstrating that there is indeed a genuine issue as to the material facts of its case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of those material facts "is 'genuine' . . . [only] if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. Matsushita, 475 U.S. at 587. The Court must also avoid weighing conflicting evidence. Anderson, 477 U.S. at 255; McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934 (11th Cir. 1987). Nevertheless, the non-moving party's response to the motion for summary judgment must consist of more than conclusory allegations, and a mere "scintilla" of evidence

8

will not suffice. <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990); <u>Pepper v. Coates</u>, 887 F.2d 1493, 1498 (11th Cir. 1989). Despite the liberality with which courts are obliged to interpret pro se complaints, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." <u>Brown v. Crawford</u>, 906 F.2d 667, 670 (11th Cir. 1990); <u>see also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

As the requirements of <u>Griffith v. Wainwright</u> were satisfied, <u>see</u> <u>supra</u>, n.2, and Plaintiff's time for filing materials in opposition has expired, Defendants' motions are ripe for consideration.

### III. DISCUSSION

Where a party "fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." FED. R. CIV. P. 56(e). Thus, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." <u>Howard v. Gee</u>, 538 F. App'x 884, 891 (11th Cir. 2013) (internal quotation marks omitted). The Court thus addresses the merits of Defendants' motions in the context

9

of Plaintiff's claims under 42 U.S.C. § 1983 and Georgia state law.

### A. Plaintiff's 42 U.S.C. § 1983 Claim

Plaintiff sued Defendant Lockamy, Defendant Rhone-Bush, Defendant Ray, and Defendant Robert Gordon in both their individual and official capacities, as well as Defendant District, alleging that Defendants violated her right to due process guaranteed under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, which in turn "provides two different kinds of constitutional protection: procedural due process and substantive due process." McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (citation omitted).

Substantive due process rights do not exist for substantive property rights in employment that are created only by state law. Id. at 1556. Procedural due process rights, however, do exist in the context of state-created property rights in employment as "an employee's right to employment may be abridged so long as *the procedures used to abrogate that right* satisfy constitutional minima." Id. at 1561 (emphasis added). Procedural due process requires that before a state agency may terminate a tenured employee, that "employee is entitled to oral

or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 1561 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)).

Under Georgia's "Fair Dismissal Act," located at O.C.G.A. § 20-2-940 *et seq.* (the "Act"), which forms the basis of the state-created property rights upon which Plaintiff relies, state-created property rights exist for teachers[11] who have accepted four or more consecutive "school year" employment contracts from the same local board of education. See O.C.G.A. § 20-2-942(d) ("A person who first became a teacher on or after July 1, 2000, shall acquire rights under this Code section to continued employment as a teacher."); see also O.C.G.A. §§ 20-2-940(a) and 20-2-942(b)(1) (tenured teachers and/or their employment contracts may only be terminated, discharged, suspended, or non-renewed for cause). In order to fail to renew the contract of a tenured teacher, the teacher must be given prior written notice of the non-renewal of their employment contract and the manner of exercising their rights under the Act, and such written notice must be given by certified mail or statutory overnight delivery. O.C.G.A. § 20-2-942(b)(2).

---

[11] "Teacher" is defined under the Act as "any professional school employee certificated by the Professional Standards Commission, but not including administrators." O.C.G.A. § 20-2-942(a)(4). Plaintiff contends that she qualifies as a teacher under the Act, and Defendant does not appear to contest this categorization. (Am. Compl. at 5; DSMF1 ¶ 3.)

Within twenty (20) days of service of the notice of non-renewal, a tenured teacher desiring to exercise their rights must serve written notice of their request for a hearing on the superintendent of the local board of education that employs the teacher via certified mail or statutory overnight delivery. Id.

Within fourteen (14) days of receipt of the teacher's timely request for a hearing, the local board of education must provide the teacher with, *inter alia*, (1) the cause or causes for the teacher's non-renewal; (2) the names of known witnesses and a concise summary of the evidence to be used against the teacher; and (3) the time and place where the hearing thereon will be held. Id. Said hearing would be before the local board of education (or an impartial tribunal designated thereby), and any decision resulting therefrom may be appealed to the Georgia State Board of Education in accordance with O.C.G.A. § 20-2-1160. O.C.G.A. § 20-2-940(e) and (f). In the event that any party disagreed with the state board's decision, said party may appeal the state board's decision to the superior court of the county wherein the relevant local board of education is situated. O.C.G.A. § 20-2-1160(c). The Court of Appeals for the Eleventh Circuit has previously held that the procedures set forth in the Act "provides all the due process that is constitutionally required." Sharpley v. Davis, 786 F.2d 1109,

1112 (11th Cir. 1986) (citing Kremer v. Chemical Const. Corp., 456 U.S. 461, 483-85 (1982)).

In the instant action, Plaintiff was provided timely notice of the intent to non-renew her contract of employment that fully satisfied the requirements of the Act.[12]  (See DSMF1 ¶¶ 5-7; Lockamy Aff. at 6-19.)  As the notice of non-renewal was sent via certified mail with sufficient postage to Plaintiff's last known address on April 30, 2016, service of the same was deemed perfected on that date.  O.C.G.A. § 20-2-942(b)(2); O.C.G.A. § 20-2-940(a) ("Service shall be deemed to be perfected when the notice is deposited in the United States mail addressed to the last known address of the addressee with sufficient postage affixed to the envelope.").  Accordingly, Plaintiff was required by the Act to provide notice of her request for a hearing via certified mail or statutory overnight delivery to the superintendent, Defendant Lockamy, by no later than May 20, 2013 (i.e., within twenty (20) days of service of the Notice of Non-Renewal).  O.C.G.A. § 20-2-942(b)(2).

---

[12] Each notice of non-renewal must "contain a conspicuous statement in substantially the following form": "You have the right to certain procedural safeguards before you can be demoted or dismissed.  These safeguards include the right to notice of the reasons for the action against you and the right to a hearing.  If you desire these rights you must send to the school superintendent by certified mail or statutory overnight delivery a statement that you wish to have a hearing; and such statement must be mailed to the school superintendent within 20 days after this notice was mailed to you.  Your rights are governed by subsection (b) of Code Section 20-2-211, Code Section 20-2-940, and Code Sections 20-2-942 through 20-2-947, and a copy of this law is enclosed."  O.C.G.A. § 20-2-942(b)(2).  The Notice of Non-Renewal provided to Plaintiff contained this statute-mandated statement verbatim, and enclosed therewith were copies of the specified statutes.  (DSMF1 ¶ 5-7; Lockamy Aff. at 6-19.)

13

Because Plaintiff did not send notice to Defendant Lockamy of her request for a hearing via certified mail or statutory overnight delivery until May 22, 2013 (DSMF1 ¶ 17; Am. Compl. ¶ 32 & Ex. 9), Plaintiff's request for a hearing was untimely. O.C.G.A. § 20-2-942(b)(2). Even assuming *arguendo* that Plaintiff's email to Defendant Lockamy dated May 6, 2013, stating that "[m]y attorney will be sending the certified letter requesting a formal hearing with the board members", was intended as a request for a hearing, it was ineffective as it was not sent via certified mail or statutory overnight delivery as is explicitly required under the Act. See O.C.G.A. § 20-2-942(b)(2) ("*In order to be effective*, such written notice that the teacher requests implementation of such procedures *must* be served by certified mail or statutory overnight delivery as provided in subsection (c) of Code Section 20-2-940." (emphasis added)). Accordingly, Defendants had no obligation to honor such request for a hearing or otherwise provide Plaintiff with a notice that complies with the requirements of O.C.G.A. § 20-2-940(b). Id.

While the "[e]xhaustion of remedies is not required before bringing a Section 1983 action," courts must consider "the adequacy of all remedies available to plaintiff and not just those remedies [s]he elected to pursue" to ascertain whether an individual's right to procedural due process has been violated.

14

Bussinger v. City of New Smyrna Beach, Fla., 50 F.3d 922, 925-26 (11th Cir. 1995) (citations omitted). To do otherwise would permit individuals to ignore or circumvent the provided remedies for redress of deprivations of their rights and to sue immediately in federal court. Lewis v. Hillsborough Transit Authority, 726 F.2d 664, 667 (11th Cir. 1983). As procedural due process violations do not exist unless no adequate state remedies are available, "the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora – agencies, review boards, and state courts – before being subjected to a claim alleging a procedural due process violation." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (internal quotations and citations omitted).

Here, Plaintiff fails to state a procedural due process claim that would give rise to a Section 1983 suit. Adequate remedies at law existed for Plaintiff to obtain notice of the charges against her, an explanation of the Defendant District's evidence, and an opportunity to present her side of the story prior to her actual termination. See Cotton, 216 F.3d at 1331 ("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."). If Plaintiff disagreed with the Defendant District's non-renewal of her employment contract, she should

15

have (and could have) timely requested a hearing before the Savannah-Chatham County Board of Education. See O.C.G.A. § 20-2-942(b)(2); O.C.G.A. § 20-2-940(e). Had she done so, the Savannah-Chatham County Board of Education would have been required to provide Plaintiff with, *inter alia*, the cause(s) for her non-renewal, a concise summary of the evidence to be used against her, and a hearing thereon. See O.C.G.A. § 20-2-942(b); O.C.G.A. § 20-2-940(b). Then, she could have appealed an adverse decision to the Georgia State Board of Education, see O.C.G.A. § 20-2-940(f), and ultimately, to the Superior Court for Chatham County, see O.C.G.A. § 20-2-1160(c). See also Narey v. Dean, 32 F.3d 1521, 1527 (review by Georgia courts of state agency's employment decisions is an adequate remedy to protect rights to due process). Where adequate state remedies were available to Plaintiff but she failed to take advantage of them, she cannot rely on such failure to claim that she has been denied due process. See Cotton, 216 F.3d at 1331 (citing McKinney, 20 F.3d at 1565). "Due process was at Plaintiff's disposal; any deprivation of that due process clearly resulted from Plaintiff's own inaction." See Lewis, 726 F.2d at 667.

**B.  Plaintiff's State Law Claims**

In addition to her Section 1983 claim, Plaintiff also asserted several state law claims. The Court has supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367.

Nevertheless, having found that Defendants are entitled to summary judgment on Plaintiff's federal claim, the Court declines to exercise jurisdiction to resolve Plaintiff's state law claims. See 28 U.S.C. § 1367(c) (indicating that a court may decline to exercise supplemental jurisdiction if it has dismissed all claims under which it has original jurisdiction); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)).

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motion for Summary Judgment on All Federal Claims (doc. 21) is **GRANTED** on all federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and therefore **GRANTS** Defendants' Motion to Dismiss [Without Prejudice] Plaintiff's Remaining Law Claims (doc. 21), and those claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter **JUDGMENT** in favor of Defendants on all federal law claims, **TERMINATE** all other pending motions, and **CLOSE** this case.

**ORDER ENTERED** at Savannah, Georgia, this 29th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA